DMITRY Y. GUROVICH, SBN 181427
DG LAW, APC
15250 Ventura Blvd., Suite 1220
Sherman Oaks, CA 91403
Telephone: (818) 205-1555
Facsimile: (818) 205-1559
Email: dg@dg-lawfirm.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHAWNELL BYRD; CHERICE D. JONES-BYRD; AMIR R. BYRD, a minor, by and through his guardian ad litem; CHAMIRRA LEWIS; and MAJOR L. MCGHAW, a minor, by and through his guardian ad litem,
Plaintiffs,

v.

DELTA AIR LINES, INC.; SPIRIT AIRLINES, INC.; and DOES 1 through 100, inclusive,
Defendants.

CASE NO.

**COMPLAINT FOR DAMAGES**

**COUNT I:** Negligence against all non-federal defendants.

**COUNT II:** Common carrier negligence, or failure to exercise the highest degree of care, against Delta Air Lines, Inc., Spirit Airlines, Inc., and Doe carrier defendants.

**COUNT III:** Negligent hiring, training, supervision, retention, and entrustment against all non-federal defendants.

**COUNT IV:** Vicarious liability and respondeat superior against all non-federal defendants.

**COUNT V:** Loss of consortium and derivative damages by eligible plaintiffs against all defendants where permitted by applicable law.

**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This personal-injury action arises from an on-the-ground aircraft collision that occurred on or about May 12, 2024, at approximately 8:00 p.m., at Cleveland Hopkins International Airport in Cleveland, Ohio.

2. Plaintiffs were passengers aboard, boarding, or in the process of boarding Spirit Airlines Flight NK655, a Spirit Airlines Airbus A321neo operating as aircraft N703NK, which was parked at or near Gate A1 and preparing to depart Cleveland Hopkins International Airport for Los Angeles International Airport (LAX), when the wingtip of Delta Air Lines Flight DL2577, a Boeing 737-900ER operating as aircraft N831DN, made contact with the Spirit aircraft.

3. Delta is primarily responsible because its aircraft moved, taxied, was directed, or was permitted to pass too close to the Spirit aircraft while passengers were aboard and boarding.

4. Spirit is responsible because Plaintiffs were its passengers and Spirit failed to provide safe boarding conditions, passenger protection, warning, and safety response.

5. Plaintiffs are informed and believe that the injuries and damages alleged herein were caused in whole or in part by the negligence of Delta Air Lines, Inc., Spirit Airlines, Inc., and Does 1 through 100, whose identities and roles are presently unknown.

## II. PARTIES

6. Plaintiff Shawnell Byrd is an individual residing in California, with identification reflecting an address at 19121 Kenya Street, Porter Ranch, California 91326. He was aboard or boarding Spirit Flight NK655 at the time of the incident.

7. Plaintiff Cherice D. Jones-Byrd is an individual residing in California, with identification reflecting an address at 19121 Kenya Street, Porter Ranch, California 91326. She was aboard or boarding Spirit Flight NK655 at the time of the incident.

8. Plaintiff Amir R. Byrd is a minor. Identification and medical records associate him with California and Ohio addresses, including 19121 Kenya Street, Porter Ranch, California 91326 and 794 Broadway Avenue, Bedford, Ohio 44146. He brings this action by and through his guardian ad litem, [not yet appointed].

9. Plaintiff Chamirra Lewis is an individual residing in Ohio, with identification reflecting an address at 12110 Holborn Avenue, Cleveland, Ohio 44105. She was aboard or boarding Spirit Flight NK655 at the time of the incident.

10. Plaintiff Major L. McGhaw is a minor child who was present with his mother, Plaintiff Chamirra Lewis, when the collision occurred. He brings this action by and through his guardian ad litem, [not yet appointed].

11. Defendant Delta Air Lines, Inc. is a commercial airline corporation. Plaintiffs are informed and believe that Delta operated, owned, maintained, controlled, dispatched, staffed, supervised, or was otherwise responsible for Delta Flight DL2577.

12. Defendant Spirit Airlines, Inc. is a commercial airline corporation. Plaintiffs are informed and believe that Spirit operated, owned, maintained, controlled, staffed, supervised, boarded, or was otherwise responsible for Spirit Airlines Flight NK655.

13. Plaintiffs sue Does 1 through 100 because the identities of airport contractors, ramp-control personnel, ground handlers, marshallers, tug operators, maintenance contractors, dispatch personnel, airline safety personnel, and other responsible actors are not yet fully known.

## III. JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) if complete diversity exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, as to each Plaintiff or as otherwise permitted by law.

15. Plaintiffs allege in good faith that the amount in controversy exceeds $75,000 based on the nature of the aircraft collision, multiple injured passengers, medical treatment, guarded prognoses, pain and suffering, lost work, missed school, and future damages.

16. Plaintiffs allege that complete diversity exists because the citizenship of each Plaintiff is diverse from the citizenship of each remaining Defendant. Plaintiffs further allege that the amount in controversy exceeds $75,000 as to each Plaintiff.

17. This Court has personal jurisdiction over Delta and Spirit for the California-resident Plaintiffs' claims because Delta and Spirit purposefully conduct substantial

commercial passenger-airline business in California, including ticketing, marketing, flights, airport operations, and customer-service activities, and Plaintiffs are informed and believe that the California Plaintiffs' travel arose out of or related to Defendants' California-directed passenger-airline business.

18. Plaintiffs acknowledge that Defendants may contend that claims by any non-California plaintiff do not arise out of or relate to Defendants' California contacts. Plaintiffs assert the claims together because they arise from the same incident, witnesses, evidence, aircraft contact, airline conduct, and damages event, but request severance, transfer, or other claim-preserving relief if the Court determines that any Plaintiff's claims cannot proceed in this District.

19. Venue is alleged under 28 U.S.C. § 1391 because Defendant Delta and Defendant Spirit are subject to personal jurisdiction in this District with respect to at least some claims, and Plaintiffs are informed and believe that Defendants conduct substantial business in California.

20. Plaintiffs acknowledge that Defendants may contend that the Northern District of Ohio is a more convenient or proper venue because the physical collision occurred at Cleveland Hopkins International Airport. If this Court finds venue improper or inconvenient, or determines that personal jurisdiction is lacking as to any claim or party, Plaintiffs request transfer to a proper district in the interests of justice under 28 U.S.C. §§ 1404(a), 1406(a), or 1631, rather than dismissal.

## IV. FACTUAL ALLEGATIONS

21. On or about May 12, 2024, at approximately 8:00 p.m., Plaintiffs were aboard, boarding, or in the process of boarding Spirit Airlines Flight NK655 at Cleveland Hopkins International Airport.

22. Spirit Flight NK655 was parked at a gate and boarding passengers when Delta Flight DL2577 moved, taxied, was directed, or was permitted to pass too near the Spirit aircraft.

23. The wingtip of Delta Flight DL2577 made contact with the Spirit aircraft, causing the Spirit aircraft to jolt, rock, shake, and/or move suddenly while passengers were aboard and boarding.

24. Plaintiff Shawnell Byrd was standing in the rear of the Spirit aircraft preparing to sit down. He was jolted sideways and experienced immediate headache, visual disturbances, and pain in his neck, back, and hips.

25. Plaintiff Cherice D. Jones-Byrd was seated toward the rear right side of the Spirit aircraft. She was jolted sideways and backward, struck her head, shoulder, and knee, and experienced immediate headache, dizziness, and pain.

26. Plaintiff Amir R. Byrd was standing in the rear of the Spirit aircraft loading luggage in the overhead bin. He was jolted sideways, backward, and forward; his head and right arm struck the aircraft interior; and his left knee struck an armrest.

27. Plaintiff Chamirra Lewis was standing in the rear of the Spirit aircraft getting her young child situated in his seat. She was jolted forward and sideways, struck her head on the aircraft interior, and her body struck her child.

28. Plaintiff Major L. McGhaw was present with his mother on the Spirit aircraft and was within the zone of danger during the collision.

29. Police responded to the scene. Plaintiffs are informed and believe that airline, airport, police, ramp, ground-control, and safety personnel generated reports, communications, photographs, operational records, aircraft-movement records, and witness statements.

30. Defendants knew or should have known that the Spirit aircraft was parked and boarding passengers and that permitting the Delta aircraft to pass too close created a foreseeable risk of aircraft contact and passenger injury.

31. Defendants failed to maintain safe aircraft separation, failed to properly coordinate aircraft movement, failed to provide adequate lookout and marshalling, failed to stop unsafe movement, failed to warn passengers, failed to suspend boarding, and failed to protect passengers from foreseeable harm.

## V. INJURIES AND DAMAGES

32. Plaintiff Shawnell Byrd was diagnosed with lumbar strain, neck strain, closed head injury, bilateral cervical sprain/strain, bilateral trapezius sprain/strain, bilateral thoracic sprain/strain, and bilateral lumbar sprain/strain. His records reflect medical expenses of at

least $3,499.00 and lost work, pain, headaches, dizziness, visual disturbance, restricted movement, sleep disturbance, and interference with activities of daily living.

33. Plaintiff Cherice D. Jones-Byrd was diagnosed with cervical sprain/strain, right shoulder sprain/strain, trapezius sprain/strain, thoracic sprain/strain, and right knee sprain/strain. Her records reflect hospital, radiology, and therapy charges, missed work, headaches, dizziness, neck pain, shoulder pain, back pain, knee pain, sleep disruption, and difficulty performing hairstylist work and daily activities.

34. Plaintiff Amir R. Byrd, a minor, was diagnosed with acute left-knee pain, right-elbow pain, cervical sprain/strain, bilateral trapezius sprain/strain, thoracic sprain/strain, and lumbar sprain/strain. His records reflect emergency and therapy charges, missed school, headaches, dizziness, nausea, visual disturbances, bruising, restricted movement, and difficulty with daily activities.

35. Plaintiff Chamirra Lewis was diagnosed with closed head injury, cervical sprain/strain, trapezius sprain/strain, thoracic sprain/strain, and lumbar sprain/strain. Her records reflect medical expenses including hospital, radiology, and therapy charges, missed work, headaches, dizziness, nausea, neck pain, back pain, muscle spasms, sleep disruption, and difficulty with daily activities.

36. Plaintiff Major L. McGhaw, a minor, was approximately two or three years old at the time of the incident and was too young to provide the same subjective medical history

as the older claimants. Plaintiffs seek damages for all injuries established by discovery and competent evidence.

37. Treating medical providers for Shawnell Byrd, Cherice D. Jones-Byrd, Amir R. Byrd, and Chamirra Lewis opined that their diagnoses were the direct and proximate result of the May 12, 2024 airplane accident and noted guarded prognoses and/or probable persistence or recurrence of symptoms.

## VI. CLAIMS FOR RELIEF

### 1. COUNT I: NEGLIGENCE AGAINST ALL DEFENDANTS

38. Plaintiffs incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

39. Defendants owed duties to use reasonable care in aircraft movement, taxiing, gate operations, ramp operations, aircraft separation, passenger boarding, safety coordination, warning, supervision, and emergency response.

40. Defendants breached those duties by causing, allowing, directing, failing to prevent, or failing to warn of unsafe aircraft movement that resulted in Delta Flight DL2577 striking Spirit Flight NK655 while Plaintiffs were aboard or boarding.

41. Defendants' negligence caused Plaintiffs' injuries and damages.

### 2. COUNT II: COMMON CARRIER NEGLIGENCE / FAILURE TO EXERCISE THE HIGHEST DEGREE OF CARE AGAINST DELTA AIR LINES, INC. AND SPIRIT AIRLINES, INC.

42. Plaintiffs incorporate by reference paragraphs 1 through 41 as though fully set forth herein.

43. Delta and Spirit were common carriers for reward and owed passengers heightened duties of care in connection with commercial air transportation, including boarding, aircraft movement, passenger safety, and protection from foreseeable hazards.

44. Delta breached its duties by moving, taxiing, directing, or permitting its aircraft to pass too close to an aircraft known or reasonably knowable to be parked and boarding passengers.

45. Spirit breached its duties by failing to provide safe boarding conditions, failing to protect passengers, failing to warn, failing to suspend boarding, failing to ensure safe aircraft separation, and failing to implement a reasonable safety response.

46. These breaches caused Plaintiffs' injuries and damages.

### 3. COUNT III: NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, AND ENTRUSTMENT AGAINST ALL DEFENDANTS

47. Plaintiffs incorporate by reference paragraphs 1 through 46 as though fully set forth herein.

48. Upon information and belief, Delta and Spirit owed Plaintiffs a duty to hire, train, supervise, retain, and entrust only competent employees, contractors, and agents to operate aircraft and ground equipment safely and in compliance with applicable standards.

49. Defendants breached those duties by failing to ensure that their employees, contractors, agents, and flight crews were properly trained, supervised, coordinated, and instructed to avoid unsafe aircraft movement and passenger injury.

50. These breaches caused Plaintiffs' injuries and damages.

### 4. COUNT IV: VICARIOUS LIABILITY / RESPONDEAT SUPERIOR AGAINST ALL DEFENDANTS

51. Plaintiffs incorporate by reference paragraphs 1 through 50 as though fully set forth herein.

52. Defendants are vicariously liable for the negligent acts and omissions of their employees, agents, apparent agents, contractors, and representatives acting within the course and scope of their duties.

### 5. COUNT V: LOSS OF CONSORTIUM AND DERIVATIVE DAMAGES BY ELIGIBLE PLAINTIFFS

53. Plaintiffs incorporate by reference paragraphs 1 through 52 as though fully set forth herein. Eligible Plaintiffs seek derivative damages, including loss of consortium, loss of services, parental/guardian damages, or other derivative damages permitted by applicable law and supported by proof.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

54. For general damages according to proof;

55. For special damages according to proof;

56. For past and future medical expenses according to proof;

57. For past and future lost earnings, lost earning capacity, missed school, and other economic losses according to proof;

58. For pain, suffering, emotional distress, inconvenience, and loss of enjoyment of life according to proof;

59. For derivative damages, if applicable;

60. For prejudgment and post-judgment interest as permitted by law;

61. For costs of suit;

62. For transfer rather than dismissal if the Court finds venue, personal jurisdiction, or forum convenience defects affecting any claim or party;

63. For leave to amend to identify Doe Defendants and additional responsible parties; and

64. For such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: May 8, 2026

Respectfully submitted,
DG LAW, APC

By: Dmitry Gurovich
Dmitry Y. Gurovich, Esq.
Attorneys for Plaintiffs