Jeffrey J. Ellis (*pro hac vice to be submitted*)
Benedict E. Idemundia (State Bar No. 289386)
David F. Knapp (*pro hac vice to be submitted*)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
Email: jeff.ellis@clydeco.us
benedict.idemundia@clydeco.us
david.knapp@clydeco.us

Attorneys for Defendant
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNELL BYRD; CHERICE D. JONES-BYRD; AMIR R. BYRD, a minor, by and through his guardian ad litem; CHAMIRRA LEWIS; and MAJOR L. MCGHAW, a minor, by and through his guardian ad litem,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.; SPIRIT AIRLINES, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-05071 SB (MBKx)<br><br>**ANSWER OF DELTA AIR LINES, INC. TO PLAINTIFFS' COMPLAINT**<br><br>Action Filed: May 11, 2026 |

Defendant Delta Air Lines, Inc. ("Delta"), by and through its counsel of record, Clyde & Co US LLP, hereby answers plaintiffs' complaint as follows:

**AS TO THE INTRODUCTORY ALLEGATIONS**

1. As to the allegations contained in paragraph 1 of plaintiffs' complaint, Delta admits that an aircraft incident occurred on or about May 12, 2024, at Cleveland Hopkins International Airport. Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

of plaintiffs' complaint, and on that basis denies each and every allegation contained therein.

2. As to the allegations contained in paragraph 2 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3. As to the allegations contained in paragraph 3 of plaintiffs' complaint, Delta denies said allegations.

4. As to the allegations contained in paragraph 4 of plaintiffs' complaint, Delta denies said allegations.

5. As to the allegations contained in paragraph 5 of plaintiffs' complaint, Delta denies said allegations.

**AS TO THE ALLEGATIONS REGARDING PARTIES**

6. As to the allegations contained in paragraph 6 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

7. As to the allegations contained in paragraph 7 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8. As to the allegations contained in paragraph 8 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

9. As to the allegations contained in paragraph 9 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10. As to the allegations contained in paragraph 10 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

/ /

11. As to the allegations contained in paragraph 11 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein except Delta admits that it is a commercial airline corporation and that it operated Delta Flight DL2577.

12. As to the allegations contained in paragraph 12 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

13. As to the allegations contained in paragraph 13 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**AS TO THE ALLEGATIONS REGARDING JURISDICTION AND VENUE**

14. As to the allegations contained in paragraph 14 of plaintiffs' complaint, they are solely legal in nature and, as such, no response is required.

15. As to the allegations contained in paragraph 15 of plaintiffs' complaint, they are solely legal in nature and, as such, no response is required.

16. As to the allegations contained in paragraph 16 of plaintiffs' complaint, they are solely legal in nature and, as such, no response is required.

17. As to the allegations contained in paragraph 17 of plaintiffs' complaint, they are solely legal in nature and, as such, no response is required. To the extent a response is required, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

18. As to the allegations contained in paragraph 18 of plaintiffs' complaint, they are solely legal in nature and, as such, no response is required. To the extent a response is required, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

19. As to the allegations contained in paragraph 19 of plaintiffs' complaint, they are solely legal in nature and, as such, no response is required. To the extent a

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

response is required, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

20. As to the allegations contained in paragraph 20 of plaintiffs' complaint, they are solely legal in nature and, as such, no response is required. To the extent a response is required, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**AS TO THE FACTUAL ALLEGATIONS**

21. As to the allegations contained in paragraph 21 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

22. As to the allegations contained in paragraph 22 of plaintiffs' complaint, Delta denies said allegations.

23. As to the allegations contained in paragraph 23 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein except Delta admits that contact occurred between Delta Flight DL2577 and the Spirit aircraft.

24. As to the allegations contained in paragraph 24 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

25. As to the allegations contained in paragraph 25 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

26. As to the allegations contained in paragraph 26 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

27. As to the allegations contained in paragraph 27 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

28. As to the allegations contained in paragraph 28 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29. As to the allegations contained in paragraph 29 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

30. As to the allegations contained in paragraph 30 of plaintiffs' complaint, Delta denies said allegations.

31. As to the allegations contained in paragraph 31 of plaintiffs' complaint, Delta denies said allegations.

**AS TO THE ALLEGATIONS REGARDING INJURIES AND DAMAGES**

32. As to the allegations contained in paragraph 32 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

33. As to the allegations contained in paragraph 33 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

34. As to the allegations contained in paragraph 34 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

35. As to the allegations contained in paragraph 35 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

36. As to the allegations contained in paragraph 36 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37. As to the allegations contained in paragraph 37 of plaintiffs' complaint, Delta is without knowledge or information sufficient to form a belief as to the truth

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

of the allegations contained therein.

**AS TO THE ALLEGATIONS REGARDING COUNT I**

38. As to the allegations contained in paragraph 38 of plaintiffs' complaint, Delta incorporates by reference the responses set forth in paragraphs 1 through 37 above as though fully set forth here.

39. As to the allegations contained in paragraph 39 of plaintiffs' complaint, Delta denies said allegations.

40. As to the allegations contained in paragraph 40 of plaintiffs' complaint, Delta denies said allegations.

41. As to the allegations contained in paragraph 41 of plaintiffs' complaint, Delta denies said allegations.

**AS TO THE ALLEGATIONS REGARDING COUNT II**

42. As to the allegations contained in paragraph 42 of plaintiffs' complaint, Delta incorporates by reference the responses set forth in paragraphs 1 through 41 above as though fully set forth here.

43. As to the allegations contained in paragraph 43 of plaintiffs' complaint, Delta denies said allegations.

44. As to the allegations contained in paragraph 44 of plaintiffs' complaint, Delta denies said allegations.

45. As to the allegations contained in paragraph 45 of plaintiffs' complaint, Delta denies said allegations.

46. As to the allegations contained in paragraph 46 of plaintiffs' complaint, Delta denies said allegations.

**AS TO THE ALLEGATIONS REGARDING COUNT III**

47. As to the allegations contained in paragraph 47 of plaintiffs' complaint, Delta incorporates by reference the responses set forth in paragraphs 1 through 46 above as though fully set forth here.

/ /

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

48. As to the allegations contained in paragraph 48 of plaintiffs' complaint, Delta denies said allegations.

49. As to the allegations contained in paragraph 49 of plaintiffs' complaint, Delta denies said allegations.

50. As to the allegations contained in paragraph 50 of plaintiffs' complaint, Delta denies said allegations.

**AS TO THE ALLEGATIONS REGARDING COUNT IV**

51. As to the allegations contained in paragraph 51 of plaintiffs' complaint, Delta incorporates by reference the responses set forth in paragraphs 1 through 50 above as though fully set forth here.

52. As to the allegations contained in paragraph 52 of plaintiffs' complaint, Delta denies said allegations.

**AS TO THE ALLEGATIONS REGARDING COUNT V**

53. As to the allegations contained in the first sentence of paragraph 53 of plaintiffs' complaint, Delta incorporates by reference the responses set forth in paragraphs 1 through 52 above as though fully set forth here. As to the allegations contained in the second sentence of paragraph 53 of plaintiffs' complaint, Delta denies each and every allegation contained therein.

**AS TO THE PRAYER FOR RELIEF**

54. As to the allegations contained in paragraph 54 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

55. As to the allegations contained in paragraph 55 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

56. As to the allegations contained in paragraph 56 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

57. As to the allegations contained in paragraph 57 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

/ /

58. As to the allegations contained in paragraph 58 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

59. As to the allegations contained in paragraph 59 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

60. As to the allegations contained in paragraph 60 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

61. As to the allegations contained in paragraph 61 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

62. As to the allegations contained in paragraph 62 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

63. As to the allegations contained in paragraph 63 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

64. As to the allegations contained in paragraph 64 of plaintiffs' complaint, Delta denies that plaintiffs are entitled to the relief requested therein.

**FIRST AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

65. Any injuries, damages, or loss sustained by plaintiffs, if such occurred, were proximately caused, and/or contributed to, by their own fault or negligence in that they did not exercise ordinary care on their own behalf and acted recklessly or carelessly at the time and places set forth in the complaint. Accordingly, plaintiffs' recovery, if any, should be denied or reduced by the amount of fault and/or negligence attributable to their conduct.

**SECOND AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

66. Delta's liability for non-economic damages, if any, is limited to that percentage of those damages that is in direct proportion to Delta’s percentage of fault, if any, in accordance with the provisions of Proposition 51, California Civil Code Section 1431.2.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

**THIRD AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

67. At the time and place referred to in the complaint, and before such event, plaintiffs knew, appreciated, and understood each and every risk involved in placing themselves in the position that they then assumed and willingly, knowingly, and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury.

**FOURTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

68. Plaintiffs have failed to mitigate their damages, if any, that plaintiffs have sustained and to exercise reasonable care to avoid the consequences of harms, if any, in that among other things, plaintiffs have failed to use reasonable diligence in caring for any injury, failed to use reasonable means to prevent aggravation of any injury, and failed to take reasonable precautions to reduce any injury and damage.

**FIFTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

69. Plaintiffs' damages, if any, are due to the acts or omissions of persons or entities other than Delta; however, in the event a finding is made that liability exists on the part of Delta, Delta is entitled to indemnity, contribution, and/or restitution from such persons or entities in direct proportion to their respective fault.

**SIXTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

70. If plaintiffs are entitled to recover damages, which is denied, the amount of any damages should be reduced in whole or in part by the amounts received from a collateral source.

/ /

/ /

/ /

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

**SEVENTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

71. The incident alleged in the complaint, and the damages that plaintiffs allege they sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Delta; however, in the event that a finding is made that liability exists on the part of Delta, which proximately contributed to plaintiffs' damages alleged in the complaint, Delta's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative fault or negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which plaintiffs seek recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

72. Plaintiffs' complaint is barred because the Court lacks personal jurisdiction over Delta and/or venue is improper.

**NINTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

73. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

74. Plaintiffs' claims and alleged damages are limited, excluded and/or entirely preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified at 49 U.S.C. § 1301 et seq., now re-codified and incorporated into 49 U.S.C. § 40101 et seq.) and 49 U.S.C. § 41713, and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

/ /

/ /

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

**RESERVATION OF DEFENSES**

75. Delta hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserves its rights to amend its Answer to assert any such defense. Delta therefore reserves the right to assert by motion or at trial denials as to plaintiffs' ability to prove the required elements of their claims. In the event that any affirmative defense asserted by Delta is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Delta on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

**DEFENDANT'S PRAYER**

WHEREFORE, Delta prays for judgment as follows:

1. That plaintiffs take nothing by reason of their complaint and for judgment in favor of Delta;

2. That Delta be awarded costs of suit incurred herein; and

3. For such and other further relief as the Court deems necessary, just and proper.

Dated: Julv 29. 2026

CLYDE & CO US LLP

Bv: */s/ Benedict E. Idemundia*
JEFFREY J. ELLIS
BENEDICT E. IDEMUNDIA
DAVID F. KNAPP
Attorneys for Defendant
DELTA AIR LINES. INC.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071.

On July 29, 2026, I served true and correct copies of the following document(s) described as:

**ANSWER OF DELTA AIR LINES, INC. TO PLAINTIFFS' COMPLAINT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co US LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gloria.zwibel@clydeco.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 29, 2026, at Irvine, California.

Gloria Zwibel

Gloria Zwibel

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600

**SERVICE LIST**

| | |
|---|---|
| Dmitry Y. Gurovich<br>DG LAW, APC<br>15250 Ventura Boulevard, Suite 1220<br>Sherman Oaks, California 91403<br><br>Attorneys for Plaintiffs | Telephone: (818) 205-1555<br>Facsimile: (818) 205-1559<br>Email: dg@dg-lawfirm.com |